# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | NO. 1:20-cr-137-RP |
| | § | |
| CARLOS LUPERCIO | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

The undersigned submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.   Procedural Background

On June 12, 2013, Carlos Lupercio was sentenced to 70 months imprisonment for Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, followed by a four-year term of supervised release. Mr. Lupercio's supervision commenced on December 23, 2019, in the Southern District of California and was transferred to the Western District of Texas on June 15, 2020.

In a Petition for Warrant or Summons for Offender under Supervision ("Petition") (Dkt. 5), the Probation Office alleges that Mr. Lupercio tested positive for methamphetamine on December 30, 2020, and left Lifetime Recovery inpatient treatment for narcotics abuse without

permission on January 2, 2021. The Probation Office alleges that these actions violated the following conditions of Mr. Lupercio's supervised release:

- A Special Condition requiring the defendant to participate in an inpatient substance abuse treatment program and follow the rules and regulations of that program.

- Standard Condition No. 6: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

- Standard Condition No. 7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as described by a physician.

A preliminary and final revocation hearing was set for 1 p.m. on February 3, 2021. Mr. Lupercio then waived his right to a preliminary revocation hearing. Dkt. 16.

## II.  Analysis

Pursuant to Fed. R. Crim. P. 32.1(b)(2) and (c), a person may waive a revocation hearing, and a hearing before modifying the conditions of probation or supervised release is not required if: (A) the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so.

On January 28, 2021, the parties submitted an Agreed Recommended Disposition in Final Revocation Proceeding and Waiver of Defendant's Appearance and Waiver of Hearing ("Agreed Recommended Disposition"). Dkt. 18. The Agreed Recommended Disposition states that Mr. Lupercio wishes to plead true to the violations alleged in the petition. He asks the Court to accept his plea of true and find that the proposed agreed resolution of the case would be an appropriate disposition. *Id.* at 2.

The parties further state in the Agreed Recommended Disposition that Mr. Lupercio's counsel has reviewed the Petition with Mr. Lupercio and advised him of his rights to a preliminary and final revocation hearing, the disclosure of the evidence against him, and to make a statement and present mitigating information. *Id.* at 1. The agreed filing states that, after consultation with counsel, Mr. Lupercio wishes to waive his right to be present at his revocation hearing and also wishes to waive the hearing. *Id.* at 2. The agreed filing further states that the parties have conferred and agreed that an appropriate resolution of this matter would be to:

> (1) accept Mr. Lupercio's plea of true to the alleged violations;
> (2) revoke Mr. Lupercio's term of supervised release;
> (3) sentence Mr. Lupercio to a period of incarceration of five (5) months; and
> (4) find that no supervised release should follow.

*Id.* The parties state: "This disposition is favorable to Mr. Lupercio, and the Government does not object to it." *Id.*

### III.   Findings of the Court

Based on the parties' agreement and the Agreed Recommended Disposition, as well as Mr. Lupercio's plea of "True" to the alleged violations, the Court finds that Mr. Lupercio violated conditions of his supervised release by using methamphetamine and leaving the Lifetime Recovery inpatient treatment program without permission.

The parties state in the agreed filing that: "The proposed disposition is an appropriate sentence for Grade C violations that takes into account Mr. Lupercio's underlying offense and the sentence that he served for it." *Id.* The Agreed Recommended Disposition does not address the Adjustment Summary prepared by the Probation Office. Dkt. 20. According to the Adjustment Summary, the policy statements in Chapter Seven of the Sentencing Guidelines call for a range of imprisonment

of seven (7) to thirteen (13) months. The kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements, and corresponding analysis are among the revocation factors for courts to consider set out in 18 U.S.C. § 3583(e), which makes reference to the factors in 18 U.S.C. §§ 3553(a)(4) and (a)(5); *see also U.S. v. Mathena*, 23 F.3d 87, 93 (5th Cir. 1994) (holding that Chapter Seven policy statements are advisory when sentencing defendant on supervised release revocation).

Having carefully considered the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office, the Magistrate Court questions whether the agreed disposition of five months imprisonment is too lenient in light of Mr. Lupercio's actions while under supervision. A sentence within the recommended range of imprisonment would appear to be more appropriate. Nonetheless, the Magistrate Court acknowledges the agreement reached between Mr. Lupercio and the Government, which may have greater knowledge concerning Mr. Lupercio and the totality of the circumstances of his case.

### IV.  Recommendations

Based on the agreement between the Government and the Defendant (Dkt. 18), the Court **RECOMMENDS** that Mr. Lupercio's supervised release be **REVOKED** and that Mr. Lupercio be sentenced to five (5) months incarceration, with no supervised release to follow.

### V.  Objections

Because this is an agreed disposition, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act on it.

**SIGNED** on February 2, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE